UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERRY NEIL ALFRED,

    Plaintiff,

v.                                          Case No.  3:16cv227/LC/CJK

STEPHEN K. ENFINGER, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Jerry Neil Alfred, DC #M12748, is a Florida inmate presently confined at Gulf Correctional Institution.  Plaintiff initiated this lawsuit on May 19, 2016, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2).  Upon review of plaintiff's complaint and prior litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of federal court records confirming that plaintiff is subject to the three-strikes bar. *See Alfred v. Buss*, Case No. 3:11cv879-MMH-JBT (M.D. Fla. Sept. 30, 2011) (dismissing case pursuant to § 1915(g)'s three-strikes bar; identifying three prior federal civil actions plaintiff filed while incarcerated, that were dismissed as frivolous or for failure to state a claim upon

*Case No. 3:16cv227/LC/CJK*

which relief may be granted); *see also Alfred v. Bryant*, Case No. 3:08cv198-J-32HTS (M.D. Fla. Feb. 12, 2009) (dismissing as frivolous plaintiff's prisoner civil rights action complaining of the conditions of his confinement at Florida State Prison), *aff'd*, 378 F. App'x 977 (11th Cir. 2010); *Alfred v. O'Donnell*, Case No. 6:05cv660-ORL-31KRS, 2005 WL 1668504 (M.D. Fla. July 15, 2005) (dismissing as frivolous plaintiff's prisoner civil rights action complaining of the conditions of his confinement at Central Florida Reception Center); *Alfred v. Spears*, Case No. 1:01cv2863-SH (S.D. Fla. Aug. 27, 2001) (dismissing, for failure to state a claim, plaintiff's civil rights action filed while a pretrial detainee at the Dade County Jail, which complained about the imposition of a subsistence fee).

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. In determining whether a prisoner satisfies the imminent danger exception, the court looks to the prisoner's complaint as a whole, construing it liberally and accepting its allegations as true. *Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) (*citing Brown*, 387 F.3d at 1350). An allegation of past imminent danger will not invoke the exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow

him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)]".).

Plaintiff's complaint alleges that he was subjected to an excessive use of force four years ago, on May 31, 2012, while confined at Santa Rosa Correctional Institution. This allegation of past danger at a prior institution does not qualify him for § 1915(g)'s imminent danger exception. *Medberry, supra.* Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears he is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED and this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 26th day of May, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.